UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

GABRIEL MOSES BURKE, Case No.:

Plaintiff,

v.

TELCO STORES,

Defendants.

---------------------------------------------------X

## COMPLAINT

Plaintiff, GABRIEL MOSES BURKE, by his undersigned counsel, hereby files this Complaint against Defendants, TELCO STORES, for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§ 1331, 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, et. seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201, 2202).

2. Plaintiff currently resides in Ridgewood, New York.

3. Plaintiff suffers from Ehlers-Danlos Syndrome, dyspraxia, hypotonia, pelvic obliquity and Tourette's Syndrome, must ambulate in a wheelchair or with an assistance device, and is a qualified individual with disabilities under the ADA.

4. Plaintiff visited the Defendant's property to enjoy the goods and services offered therein and encountered barriers to access the Defendant's property located at 58-09 Myrtle Avenue, Queens, New York 11385 (hereinafter the "Facility"). Plaintiff desires and intends to return to the Facility to enjoy the goods and services offered therein. However,

his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove numerous barriers, inclusive of but not limited to those set forth in the Complaint at Paragraph 15 below.

5. Defendant, TELCO STORES, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 58-09 Myrtle Avenue, Queens, New York 11385.

6. The Facility is a place of public accommodation under the ADA.

7. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

8. The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered at the Facility.

9. The removal of the alleged barriers can be accomplished without much difficulty or expense to the named Defendant.

10. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

11. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein on multiple occasions but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility’s entranceway.

12. Moreover, plaintiff has attempted on multiple occasions to utilize the restrooms at the Facility but could not do so without substantial hardship or loss of privacy due to his disability necessitating wheelchair to ambulate into and out of a bathroom stall.

13. Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15, below.

14. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations which, by their nature, affect Plaintiff and other wheelchair bound Plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

**I. The Entrance:**

- The entrance is non-compliant, as the exterior side of the entrance dooracts as a barrier to accessibility, and the slope of the floor surface at the exterior of the door is excessively sloped in violation of ADAAG 206, 206.2.1, 206.4, 402, 402.2, 403, 403.1, 403.2, and 403.3.
- The required maneuvering clearance is not provided at the entrancedoor in violation of ADAAG 404.2.4.
- There is a non-compliant change in floor level within the requiredmaneuvering clearance at entrance door in violation of ADAAG 404.2.4.4.
- The doors themselves are noncompliant, as Plaintiff cannot automatically enter the building through the door while in his

wheelchair or through pressing a doorbell. ADAAG 404.3.

- There is no accessible entrance ramp for wheelchair users such as the named Plaintiff. ADAAG 405.1, 405.2, 405.5, 405.6, and

**II. Inaccessible Restrooms**

There is no accessible restroom provided.

Restroom 1 (Women's Restroom):

- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.
- There is a non-compliant door swing of the door to the restroom which swings into the floor space of the fixtures in violation of ADAAG 603.3.3.
- The light switch is inaccessible as it is too high in violation of ADAAG 205.1, 308.2, 308.2.2, and 308.3.
- There is a non-compliant rise in the floor at the threshold of the entrance door in violation of ADAAG 404.2.5, and 304.4.
- The dual sinks are inaccessible as they do not provide the minimum knee and toe clearance, in violation of ADAAG 606.2 and306.2.3, 306.2.5, 306.3, 306.3.3, and 306.3.5.
- The paper towel dispenser is mounted too high in violation of ADAAG 606.1, 308.2, and 308.3.
- The toilet compartments are inaccessible as the path of travel to reach them is too narrow in violation of ADAAG 402.1, 402.2, 403.1,and 403.5.1.
- The toilet compartments are inaccessible as the compartment doorways to reach the toilets are too narrow in violation of 404.2.3.
- The required maneuvering clearance at the doorway to the toilet compartments is not provided in violation of 404.2.4.
- The compartment doors swing into the compartment in violation of ADAAG 604.8.1.2.
- The toilets are inaccessible in that they do not provide the minimum clearance around the toilet in violation of ADAAG 604,
  604.3, and 604.5.
  - Required grab bars are not provided in violation of ADAAG 604.5.
- There are non-compliant doorknobs that require twisting in violation of ADAAG 404.2.7 and 309.4.
- The coat hook is mounted too high in violation of ADAAG 604.8.3, 308.2, and 308.

Restroom 2 (Men's Restroom):

- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.
- The required minimum maneuvering clearance is not provided at the door in violation of 404.2.4.
- The travel path to the fixture is inaccessible as it does not provide sufficient clear width in violation of ADAAG 402.2, 403.1, and 403.5.1.
- The required minimum turning space is not provided in violation of ADAAG 603.1, 603.2, 603.2.1, and 304.3.1.
- The sink is inaccessible as it does not provide the minimum clear floor space, in violation of ADAAG 606.2 and 305.3, nor does it provide the minimum knee and toe clearance in violation of ADAAG606.2, 306.2, and 306.3.
- The paper towel dispenser and mirror above sink are mounted too high in violation of 606.1, 308.2, 308.3, and 603.3.
- The required clear floor space is not provided at the urinal in violation of ADAAG 605, 605.3, and 305.3.
- The toilet compartments are inaccessible as the compartment doorways to reach the toilets are too narrow in violation of 404.2.3.
- The required maneuvering clearance at the doorway to the toilet compartments is not provided in violation of 404.2.4.
- The compartment doors swing into the compartment in violation of ADAAG 604.8.1.2.
- The toilet compartments do not provide enough space in violation of ADAAG 604.8 and 604.8.1.1.
  - Required grab bars are not provided in violation of ADAAG 604.5.
- The toilet is inaccessible in that it does not provide the minimum clearance around the toilet in violation of ADAAG 604.3.1.
- The position of the toilet paper dispenser is non-compliant in violation of ADAAG 604.7.

**III. Inaccessible Store Interior**

- An accessible route is not provided in the shopping area for wheelchair bound patrons. ADAAG 206.2.5.
- Queue lines are not in compliance with ADAAG 227.4, 227.5, 403, 904.3, 904.4, and 904.5.

16. The above listing is not inclusive of all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff or its counsel requires an inspection of the Facility to determine all of the ADA violations.

17. The removal of the ADA violations set forth herein is readily achievable, and can be accomplished and carried out without much difficulty or expense to the Defendants. See 42 U.S.C. § 12182(B)(2)(A)(iv); see also 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth in the Complaint herein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

DATED: Great Neck, New York
November 14, 2022

Respectfully submitted,

/s/ *Deborah R. Kick*
**DEBORAH R. KICK, ESQ.**

**HAMRA LAW GROUP, P.C.**
*Attorney for Plaintiff*
1 Linden Plaza, Suite 207
Great Neck, New York 11201
(646) 590-0571
dkick@hamralawgroup.com